**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANTHONY R. BIAFORE, | : | |
| | : | Civil Action No. 09-1335 (RBK) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ERIC HOLDER, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner pro se  
Anthony R. Biafore  
F.C.I. Cumberland  
Cumberland, Maryland

Counsel for Respondents  
John Andrew Ruymann  
Office of the U.S. Attorney  
402 East State Street  
Suite 430  
Trenton, NJ 08608

**KUGLER**, District Judge

Petitioner Anthony Biafore, a prisoner formerly confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241,[1] challenging the results of a prison disciplinary

---

[1] United States Code Title 28, Section 2241, provides in pertinent part:
  (a) Writs of habeas corpus may be granted by the ... district courts ... within their respective jurisdictions ...
  (c) The writ of habeas corpus shall not extend to a prisoner unless- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

proceeding. The respondents are Attorney General Eric Holder and Warden Jeff Grondolsky.

For the reasons set forth below, the Petition will be denied.

## I.   BACKGROUND

On October 19, 2007, Petitioner was sentenced to a term of imprisonment of 57 months following his conviction on charges of bank robbery. See United States v. Biafore, Criminal No. 06-0822 (D.N.J.). He is presently confined pursuant to that sentence.

On January 27, 2009, Petitioner was issued Incident Report No. 182678, charging him with a violation of Code 312, insolence toward a staff member, and a violation of Code 199, conduct disruptive to security or orderly running of BOP facility. More specifically, the Incident Report alleged:

> ON 01-27-09 ROUNDS WERE CONDUCTED ON THE 3RD FLOOR OF THE SPECIAL HOUSING UNIT. AS I APPROACHED INMATE BIAFORE, ANTHONY 41209-050 CELL AND LOOK IN HE BEGINS YELLING "FUCK YOU, FUCKING BITCH" AS I CONTINUE ON HE YELLS "YOU FUCKING DIRTY BAG". AFTER WHICH HE COVERED HIS CELL WINDOW WITH A WHITE TOWEL., AND REFUSED TO UNCOVER HIS WINDOW.

(Incident Report No. 182678, Par. 11.) The Incident Report was later amended to charge a violation of Code 35, refusing an order.

The Incident Report was issued by Officer J. Wright. It indicated that the incident occurred at 1:10 a.m., and that the Incident Report was executed at 12:30 a.m., forty minutes before

2

the incident allegedly occurred. (The Incident Report was later amended to indicate that it was executed at 1:30 a.m.) The Incident Report was delivered to Petitioner at 8:30 the same morning. Petitioner was advised of his rights, but did not make a statement at that time.

On January 29, 2009, a hearing was held before the Unit Disciplinary Committee. Petitioner refused to participate in the hearing and the UDC referred the Incident Report to the Discipline Hearing Officer for disposition.

Petitioner alleges that on February 12, 2009, before the DHO hearing, Officer Schaaff[2] told Petitioner that the Discipline Hearing Officer had told him Petitioner would be sanctioned to disciplinary segregation time that would run concurrently with his previously imposed segregation time. Thus, Petitioner alleges that he was deprived of due process in connection with the DHO hearing.

The DHO hearing took place on February 13, 2009. Petitioner was advised of his rights. After the Incident Report was read to him, Petitioner denied the charges and stated, "These statements were not made. I had a note up. There was a three inch piece of paper that says plug in the machine." (DHO Report, Part III, C.)

---

[2] Petitioner alleges that Officer Schaaff was biased against Petitioner because he was a defendant in a then-pending civil action brought by Petitioner. See Biafore v. United States, Civil Action No. 08-5300.

3

Petitioner did not request a staff representative or any witnesses. At the conclusion of the hearing, the DHO found that Petitioner had committed the prohibited acts of insolence to a staff member, in violation of Code 312, and refusing an order, in violation of Code 307.

> I find that on or about January 27, 2009, at 1:10 a.m., in Special Housing Unit, third floor, at the Federal Correctional Institution, Fort DIX, New Jersey, you did commit the prohibited act of insolence toward staff, and refusing to obey an order.
>
> This decision is based on the evidence provided before me which is documented in the written report provided by the reporting employee. The employee documented,
>
>> "On 01-27-09 rounds were conducted on the 3rd floor of the special housing unit. As I approached inmate Biafore, Anthony 41209-050 cell and look in he begins yelling ...."
>
> I took into consideration your statements, specifically, "These statements were not made. I had a note up. There was a three inch piece of paper that says plug in machine." I found you have every reason to make this assertions in an effort to have the charge against you expunged. Essentially, you have everything to gain and nothing to lose in that effort however, I found the employee involved in this incident to be more credible than yourself as he has no vested interest in you, outcome of the report, and does have a legal obligation to be truthful.
>
> The prohibited act Code 312, insolence to a staff member, is supported in the incident report, specifically, "As I approached inmate Biafore, Anthony 41209-050 cell and look in he begins yelling ..." This supports the code as you were being contemptuously rude or impertinent in behavior or speech toward a staff member.
>
> The prohibited act Code 307, Refusing an order, is supported in the incident report, specifically, "After

> which he covered his cell window with a white towel, and refused to uncover his window."
>
> Based upon the evidence provided before me, your actions are consistent with a violation of Code 312, insolence to a staff member and Code 307 refusing to obey an order.

(DHO Report, Part V.)  For the Code 307 violation, Petitioner was sanctioned to 15 days disciplinary segregation, concurrent to a previous sanction, and 30 days loss of visitation privileges. For the Code 312 violation, Petitioner was sanctioned to 30 days disciplinary segregation, concurrent, 60 days loss of phone privileges, and 13 days disallowance of good conduct time.

> The DHO stated the reasons for the sanction:
>
> The action on the part of any inmate to become insolent towards any staff member threatens the ability of the staff member to carry out his assigned duties and to effectively deal with all inmates in the area.

(DHO Report, Part VII.)

Petitioner appealed the DHO decision directly to the Regional Office, which rejected the appeal.  Petitioner did not further pursue his administrative remedies.  Petitioner alleges that prison officials interfered with his mail.  Respondents do not suggest that the Petition should be dismissed for failure to exhaust administrative remedies.

Petitioner argues that the incident report was false, based upon the fact that it indicates that it was prepared forty minutes before the time of the alleged infraction.  He further argues that he was deprived of due process because the

DHO predetermined Petitioner's guilt, as evidenced by Officer Schaaff telling Petitioner, the day before the hearing, the sanctions that would be imposed.

Petitioner requests that his forfeited good time credits be restored.

Respondents have answered and Petitioner has submitted a Reply in support of the Petition.  This matter is now ready for disposition.

## II.   LEGAL STANDARD

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and must set forth "facts supporting each of the grounds thus specified."  See Rule 2(c) of the Rules Governing § 2254 Cases in the U.S. District Courts (amended Dec. 1, 2004) ("Habeas Rules"), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.

Nevertheless, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989);

United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### III.  ANALYSIS

A.  Jurisdiction

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 125 S.Ct. 1242 (2005).  Habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence.  See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action.  See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.

Accordingly, this Court has jurisdiction to hear this challenge to the disciplinary sanction of loss of good time credits.

B.   Petitioner's Claims

Petitioner alleges that he was deprived of liberty, 13 days of good conduct time, without due process in that the disciplinary charge was false and the disciplinary decision was pre-determined.

Convicted and sentenced prisoners retain the protections of the Due Process Clause of the Fifth and Fourteenth Amendments that the government may not deprive them of life, liberty, or property without due process of law.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Haines v. Kerner, 404 U.S. 519 (1972); Wilwording v. Swenson, 404 U.S. 249 (1971).  Such protections are, however, "subject to restrictions imposed by the nature of the regime to which [prisoners] have been lawfully committed. ...  In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application."  Wolff, 418 U.S. at 556.

A liberty interest protected by the Due Process Clause may arise from either of two sources:  the Due Process Clause itself or from state or federal law.  See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Asquith v. Department of Corrections, 186 F.3d 407, 409 (3d Cir. 1999).

Where the government has created a right to good time credits, and has recognized that a prisoner's misconduct

8

authorizes deprivation of the right to good time credits as a sanction,[3] "the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." Wolff, 418 U.S. at 557.

Thus, a prisoner is entitled to an impartial disciplinary tribunal, Wolff, 418 U.S. at 570-71, excluding "only those [prison] officials who have a direct personal or otherwise substantial involvement ... in the circumstances underlying the charge from sitting on the disciplinary body," Meyers v. Alldredge, 492 F.2d 296, 306 (3d Cir. 1974).

To comply with the requirements of the Due Process Clause, prison officials also must provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to

---

[3] The Constitution itself does not guarantee good time credits for satisfactory behavior in prison. Congress, however, has provided that federal prisoners serving a term of imprisonment for more than one year, other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of their sentence based upon their conduct.  See 18 U.S.C. § 3624(b); 28 C.F.R. § 523.20.

9

institutional safety or correctional goals,[4] and (3) a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action. Wolff, 418 U.S. at 564-66. Prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in prison disciplinary proceedings. Id. at 569-70. Where an illiterate inmate is involved, or the complexity of the issue makes it unlikely that the inmate involved will be able to collect and present the evidence necessary for an adequate comprehension of the case, the prisoner should be permitted to seek the aid of a fellow inmate or appropriate staff member. Id. at 570.

Finally, due process requires that findings of a prison disciplinary official, that result in the loss of good time credits, must be supported by "some evidence" in the record.

---

[4] Prison officials must justify their refusal to call witnesses requested by the prisoner, but such justification need not be presented at the time of the hearing. To the contrary, the explanation for refusal to call witnesses requested by the prisoner may be provided through court testimony if the deprivation of a liberty interest is challenged because of that claimed defect in the hearing. See Ponte v. Real, 471 U.S. 491 (1985). "{P]rison officials may deny a prisoner's request to call a witness in order to further prison security and correctional goals. ... [T]he burden of persuasion as to the existence and sufficiency of such institutional concerns is borne by the prison officials, not by the prisoners." Grandison v. Cuyler, 774 F.2d 598, 604 (3d Cir. 1985).

Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill, 472 U.S. 445, 454-56 (1985).[5]

Here, the discrepancy in the notation as to the time the Incident Report was executed appears to be nothing more than a typographical error, insufficient to establish a due process violation. See, e.g., Hairston v. Boyce, Civil Action No. 07-1945, 2008 WL 2095771, *7 (D.N.J. May 16, 2008); Morales v. DeRosa, No. 03-4700, 2005 WL 2217018, *4 (D.N.J. Sept. 12, 2005).

In addition, the unsupported allegation that Officer Schaaff purportedly knew what would be the outcome of the DHO hearing in advance is insufficient to establish that the DHO was not impartial. There is no suggestion that the DHO had a personal or otherwise substantial involvement in the circumstances underlying the disciplinary charge. Petitioner has failed to establish that he was deprived of an impartial hearing officer.

Finally, Petitioner was afforded all the due process required by Wolff. He was apprised of the charges in advance, he declined any staff representative or witnesses, and he was advised of the evidence relied upon and the reasons for the decision. Clearly, the statement of the reporting officer is

---

[5] The due process requirements of Wolff, as they relate to federal prisoners, have been codified in the Code of Federal Regulations at 28 C.F.R. § 541.10 et seq. See, e.g., 28 C.F.R. § 541.14 (Incident report and investigation); 28 C.F.R. § 541.16 (Establishment and functioning of the Discipline Hearing Officer); 28 C.F.R. § 541.17 (Procedures before the Discipline Hearing Officer).

11

sufficient to support the DHO decision.  The sanctions imposed are within the range authorized for Petitioner's offense.  <u>See</u> 28 C.F.R. § 541.13, Tables 3 and 4.

Petitioner was not deprived of due process in connection with the challenged disciplinary proceeding.

## IV.   <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be denied.  An appropriate order follows.

<u>s/Robert B. Kugler</u><br>
Robert B. Kugler<br>
United States District Judge

Dated: November 25, 2009